# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BRADLEY S. HAYES, *Plaintiff* | § § § § § | |
| v. | § § § § § | CASE NUMBER: 1:23-cv-00952<br><br>DEMAND FOR JURY TRIAL |
| LVNV FUNDING, LLC, *Defendant.* | § § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1. Plaintiff, Bradley S. Hayes ("Plaintiff" or "Hayes" herein), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") for violations of the FDCPA against Defendant, LVNV Funding, LLC ("LVNV" or "Defendant" herein).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1337(a).

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## STANDING

4. Hayes suffered an injury in fact that is traceable to LVNV's conduct and that is likely to be redressed by a favorable decision in this matter. Hayes further suffered some concrete injury because of LVNV's violations contained herein, including, and not limited to inaccurate credit reporting.

5. Hayes suffered a concrete economic injury to the extent that he has viable claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

## THE PARTIES

6. Plaintiff, Bradley S. Hayes, is an individual who resides in Williamson County, Texas.

7. Defendant, LVNV Funding, LLC, is a foreign corporation that is authorized to do business in Texas. Service may be completed on the following registered agent:

> Corporation Service Company D/B/A CSC-Lawyers Incorporated
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

## FACTUAL ALLEGATIONS

8. Hayes is a "consumer" as that term is defined by §1692a (3) of the FDCPA.

9. LVNV alleges that Hayes incurred a consumer debt for goods and services used for personal, family or household purposes with regards to Navy Federal Credit Union ("Alleged Debt").

10. The Alleged Debt(s) is a "debt" as that term is defined by §1692a(5) of the FDCPA.

11. Due to his financial circumstances, Hayes could not pay the Alleged Debt(s), and it subsequently went into default.

12. LVNV subsequently acquired the Alleged Debt.

13. LVNV regularly collects or attempts to collect defaulted consumer debts using the telephone and mail. LVNV is a "debt collector" as that term is defined by 15 U.S.C. §1692a (6) of the FDCPA.

14. On or about June 26, 2023, LVNV commenced a lawsuit ("JP Lawsuit" herein) in Williamson County Justice of the Peace, Precinct #3 against Hayes regarding the Alleged Debt (LVNV Funding, LLC v. Bradley S. Hayes, Cause # 3DC-23-0436, Williamson County Justice of the Peace #3) (See Exhibit A- docket sheet of the Lawsuit).

15. On or about July 13, 2023, Hayes, by and through the undersigned counsel, filed an answer in the Williamson County Justice of the Peace #3 and served a copy of the answer on counsel for LVNV (See Exhibit B). The answer included both a general denial and a number of affirmative defenses.

16. On or about July 13, 2023, Hayes also filed and served on counsel for LVNV a Motion to Conduct Discovery in the Lawsuit (in accordance with TRCP 500.9). The Motion expressly stated that there was a dispute of the Alleged Debt (See Exhibit C incorporated herein).

17. On or about July 17, 2023, the Justice of the Peace entered an order granting the discovery motion and requiring LVNV to respond to the discovery requests.

18. Notwithstanding the ongoing dispute of the Alleged Debt, on or about August 2, 2023, LVNV communicated to Equifax information regarding the Alleged Debt. However, LVNV failed to communicate to Equifax that there was a dispute of the Alleged Debt.

19. The communication to Equifax was a "communication" as that term is defined in 15 U.S.C. §1692a (2).

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692 e

20. Hayes re-alleges the above-referenced paragraphs.

21. 15 U.S.C. §1692(e) of the FDCPA provides as follows:

> **False or misleading representations**
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;**

22. The pleadings that Hayes filed in the JP lawsuit and served on LVNV confirm that LVNV had actual notice of a dispute of the Alleged Debt.

23. LVNV violated section e (8) by transmitting information regarding the Alleged Debt to Equifax on or about August 2, 2023, but failing to communicate the dispute of the Alleged Debt.

24. The FDCPA is a strict liability statute, and only one violation of the FDCPA is necessary to establish civil liability. *See In re Eastman*, 419 B.R. 711, 728 (Bankr.W.D. Tex. 2009) (stating that a false representation need not be intentional to be actionable under 1692e (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F.Supp. 609, 613 (D. Nev. 1997)). As such, "the defendant's culpability is a consideration only in computing damages under the FDCPA." *Pittman*, 969 F.Supp. at 613 (citing 15 U.S.C. 1692k(b)).

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Hayes re-alleges the above paragraphs as if set forth fully in this count.

26. 15 U.S.C. §1692(f) of the FDCPA provides as follows:

> **UNFAIR PRACTICES**
>
> **(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

27. In the alternative, Hayes alleges that the filing of the underlying JP Lawsuit to collect the Alleged Debt in conjunction with the transmission of inaccurate credit information, collectively demonstrates unfair and unconscionable conduct in violation of 15 U.S.C. §1692f.

## REQUEST FOR ATTORNEYS' FEES

28. Hayes seeks reasonable attorneys' fees pursuant to the FDCPA and any other legal basis.

## TRIAL BY JURY

29. Hayes is entitled to and hereby demands a trial by jury.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Bradley S. Hayes, respectfully prays that the Defendant, LVNV Funding, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant as follows:

a. The Court award Plaintiff actual and statutory damages pursuant to 15 U.S.C. §1692(k)(a)(1) and (a)(2);

b. The Court award Plaintiff, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

c. The Court award Plaintiff, prejudgment, and post judgment interest as allowed by law;

d. The Court grant Plaintiff, such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Bradley S. Hayes*